Comstock, Ch. J.
Where the trial is by jury, we have no power under the existing rules of law to review any question of fact determined in the subordinate courts. In this case, therefore, we should be obliged to affirm the order granting a new trial, if that order could stand consistently with any view to be taken of the evidence given at the trial. But we are of opinion that after giving to the defendant the benefit of whatever conflict there may be in the testimony, and after examining the facts proved in the light most favorable to bim, the plaintiff was entitled to a verdict.
It is said, and such is the proof by one of the witnesses, that the intestate, on stepping upon the platform of the defendants’ car, announced his intention not to pay the fare, alleging that he had paid it on the previous day without having been carried so far as he was entitled to go. On this ground it is claimed that the relation of carrier and passenger never arose between the parties. But there is in this proposition nothing which requires a serious consideration. If the fact be as stated, the intestate might have been refused admission to a seat in the *345 car. But he was allowed to pass in and sit down like other passengers, and the fare was afterwards demanded of him in the usual way. This conceded his right to take a seat, and his situation was that of any person who enters one of these cars and sits down as a passenger. "Undoubtedly it was his duty to pay the fare when demanded, but nothing anterior to his refusal so to do has anything to do with the present question.
In the next place, it must be conceded that the conductor had a right to expel the intestate for the reason that he would not pay his fare when asked to do so. ' But this was not a right to be exercised in a manner regardless of all circumstances. A person cannot be thrown from a railroad train, in rapid motion, without the most imminent danger to life; and although he may be justly liable to expulsion, he may lawfully resist an attempt to expel him in such a case. As the refusal of a passenger to pay fare will not justify a homicide, so it fails to justify any act which in itself puts human life in peril; and the passenger has the same right to repel an attempt to eject him when such an attempt will thus endanger him, that he has to resist a direct attempt to take his life. The great law of self-preservation so plainly establishes this conclusion, that no further argument can be necessary.
In this case all the evidence shows that the conductor of the defendants’ car, without arresting its motion, seized the plaintiff’s intestate and forcibly ejected him. The danger attending such an act was enhanced by other circumstances. It was in the night, and a high bank of snow was thrown upon each side of the track. No injury might have resulted if the expulsion had taken place from the rear, instead of the front of the car. As a direct consequence of the conductor’s act the passenger was injured so that he died; and the act itself, under the circumstances stated, being necessarily attended with great danger, stands without a legal justification. It is said that the intestate offered resistance when he was thus seized. But this he had a right to do in order to save his life, which he had not forfeited by refusing to pay the fare. He was liable, as we *346 said, to be expelled, and the conductor’s assault would have been justified if the car had been stopped, and the expulsion had been made without unnecessary violence. But as the conductor had no right to make the assault, when he did and as he did, so the law will justify such resistance as was offered to that assault.
The decision .of the court below appears to have proceeded upon a rule of law, which we think is inapplicable to the case. In the opinion of that court, it is conceded that the conductor was guilty of negligence and improper conduct in expelling the passenger without stopping the car. But the latter was also in the wrong in occupying a seat without paying the fare, and the case was put as one of concurring negligence where the injured party is' without redress, because he is himself in fault. We fail to see how this principle can be invoked. It cannot be applied to an intentional trespass, certainly not to a case like the present. If the plaintiff’s intestate had not died of his injuries, his action for the wrong would have been strictly and technically assault and battery. In such an action a plea that the plaintiff was guilty of concurring negligence or fault would have been without precedent, as well as illogical and absurd. To such a cause of suit, the defendant must find and plead a complete justification of his conduct, or he must fail and pay the damages. At the common law the cause of action was lost if the injured person died, but under the statute it survives to the administrator, and is governed in this respect at least by the same rules of law. The case is, therefore, to be stated thus: The defendants by their servant were guilty of a personal and intentional assault upon the intestate. That assault, as we think, was not in law justified by the facts, and they are consequently without a legal defence.
Entertaining as we do this view of the case, it becomes unnecessary to examine in detail the charge of the judge at the trial. It was quite as favorable to the defendants in all respects as the law of the case would justify. A single point may be noticed: The judge was desired to charge that if the conductor in the execution of the defendants’ directions to remove *347 any one from the oars who declined to pay fare, used unnecessary force and wantonly injured the deceased, the defendants are not liable for such excess. This instruction was refused. The request of course a'ssumed that the conductor’s assault was justified by his instructions and by the circumstances; by his instructions so as to render his principals liable if he would be, and by the circumstances so as to exonerate them both. This being assumed, the point of the request was that he alone, and not his principals, was liable for any excess of force and violence. This may have been good law in the abstract. But it fails of application to the case, because the assault itself, as we have seen, was unjustifiable; and the defendants being liable for that as principals (which the proposition did not deny), they are also answerable for any circumstances of aggravation which attended the wrong. It may be added, that the case does not disclose any special facts of this kind. The wrong consisted in ejecting the intestate from the car without a justification of that act.
The order granting a new trial must be reversed, and the judgment for the plaintiff on the verdict must be affirmed.
All the judges concurring,
Judgment affirmed.